# **Exhibit A**

2018L000191

IN THE CIRCUIT COURT FOR THE 17TH JUDCIAL CIRCUIT
WINNEBAGO COUNTY, ILLINOIS

THOMAS A. KLEIN
***** ELECTRONICALLY FILED *****
TRANS ID: 1755533516
CASE NO: 2018L191
FILEDATE: 06/26/2018
BY: jp_____DEPUTY

JOSEPH MARTIN )
)
          Plaintiff, )
)
vs. ) Case No. 2018L191
)
FCA US LLC and TRI-DIM FILTER )
CORPORATION )
)
)
)
)
          Defendants )

## COMPLAINT

NOW COMES the Plaintiff, JOSEPH MARTIN, by and through his attorneys, CUTLER & HULL, and complains of the Defendant, FCA US LLC, a Corporation (hereinafter referred to as CHRYSLER), and Tri-Dim Filter Corporation (hereinafter referred to as Tri-Dim), as follows:

### COUNT I
### Chrysler
### (Negligence)

1. On and before July 22, 2016, the defendant, CHRYSLER, was a corporation headquartered in Auburn Hills, Michigan and doing business in Illinois.

2. CHRYSLER had responsibility for the status, safety, maintenance and repair of certain walkways and the areas in and around said certain walkways and areas in the building located at 1514 15th Street, 3000 Chrysler Drive, Belvidere, Illinois (hereinafter the "premises").

3. On or before July 22, 2016, JOSEPH MARTIN (hereinafter MARTIN) was a resident of Winnebago County, Illinois.

4. At the time and place aforesaid, Defendant, CHRYSLER, had a duty to exercise ordinary care in the maintenance of the aforesaid premises so that the premises would be reasonably safe for persons lawfully on it.

5. In the late night/early morning on or about July 22, 2016, the Plaintiff, MARTIN, was lawfully on

1

the premises at 1514 15th Street, 3000 Chrysler Drive, Belvidere, Illinois.

6. At the time and place aforesaid, CHRYSLER through its agents and employees knew or should have known that the roof and ceiling of the premises had multiple holes that allowed rainwater and other precipitation to enter the premises, creating hazards to persons who walked on and around those premises.

7. At the time and place aforesaid, Defendant, CHRYSLER, by and through its authorized agents and employees, owed a duty to MARTIN to provide a safe area for walking on and around the premises and a duty to keep those areas and the premises in a safe manner and condition.

8. On the aforesaid date and time, the Plaintiff, MARTIN, was lawfully walking on and around the premises in the aforesaid place when he slipped and fell on an unsafe surface and portion of a walkway located in the aforesaid premises.

9. At and before the time and place aforesaid, Defendant, CHRYSLER, was negligent in one or more of the following ways:

    a. Carelessly and negligently managed, and maintained said premises, its roof, ceiling and walkways;

    b. Carelessly and negligently failed to properly manage and maintain said premises in a safe and proper condition;

    c. Carelessly and negligently failed to repair the broken or damaged roof and ceiling of said premises;

    d. Carelessly and negligently allowed the area in and about the premises, to be and remain in disrepair and wet from precipitation;

    e. Defendant failed to provide Plaintiff with reasonably safe conditions for walking in and around the said premises;

    f. Defendant knew or should have known that the area where MARTIN walked was wet due to the broken or damaged roof but did not clean up the water and remove the hazardous

condition on the premises;

g. Defendant knew or should have known that the area where MARTIN walked was wet due to the broken or damaged roof/ceiling but did not place any warning signs or otherwise alert MARTIN to the hazardous condition/

h. Defendant failed to provide or maintain sufficient and/or appropriate illumination in and about the area where Plaintiff fell;

i. Defendant failed to properly train and instruct its employees and agents working in, on or around the said premises;

10. Defendant, CHRYSLER, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, CHRYSLER, its agents and employees, a portion of the said premises was left in a dangerous and hazardous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, JOSEPH MARTIN, prays for judgment to be entered in his favor and against the defendant, CHRYSLER a corporation, in an amount in excess of $50,000 and any other further relief which this Court deems just and proper, plus costs.

### COUNT II
### Chrysler
### (Premises Liability Act)

1. On and before July 22, 2016, the defendant CHRYSLER was a corporation headquartered in Auburn Hills, Michigan and doing business in Illinois.

2. Chrysler had responsibility for the status, safety, maintenance and repair of certain walkways and the areas in and around said certain walkways and areas in the building located at 1514 15th Street, 3000 Chrysler Drive, Belvidere, Illinois (hereinafter the "premises").

3. On or before July 22, 2016, MARTIN was a resident of Winnebago County, Illinois.

4. At the time and place aforesaid, Defendant, CHRYSLER, had a duty to exercise ordinary care in the maintenance of the aforesaid premises so that the premises would be reasonably safe for persons lawfully on it.

5. In the late night/early morning on or about July 22, 2016, the Plaintiff, MARTIN, was lawfully on the premises at 1514 15th Street, 3000 Chrysler Drive, Belvidere, Illinois.

6. At the time and place aforesaid, CHRYSLER through its employees knew or should have known that the roof and ceiling of the premises had holes, that allowed rainwater and other precipitation to enter the premises, creating hazards to persons who walked on and around those premises.

7. At the time and place aforesaid, Defendant, CHRYSLER, by and through its authorized agents and employees, owed a duty to MARTIN to provide a safe area for walking on and around the premises and a duty to keep those areas and the premises in a safe manner and condition.

8. On the aforesaid date and time, the Plaintiff, MARTIN, was lawfully walking on and around the premises in the aforesaid place when he slipped and fell on an unsafe surface and portion of a walkway located in the aforesaid premises.

9. At and before the time and place aforesaid, Defendant, CHRYSLER, was negligent in one or more of the following ways:

    a. Carelessly and negligently managed, and maintained said premises, its roof, ceiling and walkways;

    b. Carelessly and negligently failed to properly manage and maintain said premises in a safe and proper condition;

    c. Carelessly and negligently failed to repair the broken or damaged roof and ceiling of said premises;

    d. Carelessly and negligently allowed the area in and about the premises, to be and remain in disrepair and wet from precipitation;

2018L000191

    e. Defendant failed to provide Plaintiff with reasonably safe conditions for walking in and around the said premises;

    f. Defendant knew or should have known that the area where MARTIN walked was wet due to the broken or damaged roof but did not clean up the water and remove the hazardous condition on the premises;

    g. Defendant knew or should have known that the area where MARTIN walked was wet due to the broken or damaged roof but did not place any warning signs or otherwise alert MARTIN to the hazardous condition;

    h. Defendant failed to provide or maintain sufficient and/or appropriate illumination of in and about the area where Plaintiff fell;

    i. Failing to properly train and instruct its employees and agents working in, on or around the said premises;

10. Defendant, CHRYSLER, knew or should have known of the foregoing dangerous and hazardous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, CHRYSLER, its agents and employees, a portion of the said walkway areas were left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, JOSEPH MARTIN, prays for judgment to be entered in his favor and against the defendant, CHRYSLER a corporation, in an amount in excess of $50,000 and any other further relief which this Court deems just and proper, plus costs.

## COUNT III
### Tri-Dim Filter Corporation
### (Negligence)

1. On and before July 22, 2016, the defendant Tri-Dim Filter Corporation (Tri-Dim) was a corporation incorporated in Delaware and doing business in Belvidere, Illinois.

2018L000191

2. Tri-Dim had responsibility for the status, safety, maintenance and repair of certain walkways and the areas in and around said certain walkways and areas in the building located at 1514 15th Street, 3000 Chrysler Drive, Belvidere, Illinois (hereinafter the "premises").

3. On or before July 22, 2016, MARTIN was a resident of Winnebago County, Illinois.

4. At the time and place aforesaid, Defendant, Tri-Dim, had a duty to exercise ordinary care in the maintenance of the aforesaid premises so that the premises would be reasonably safe for persons lawfully on it.

5. In the late night/early morning on or about July 22, 2016, the Plaintiff, MARTIN, was lawfully on the premises at 1514 15th Street, 3000 Chrysler Drive, Belvidere, Illinois.

6. At the time and place aforesaid, Tri-Dim through its employees knew or should have known that the roof and ceiling of the premises had holes, that allowed rainwater and other precipitation to enter the premises, creating hazards to persons who walked on and around those premises.

7. At the time and place aforesaid, Defendant, Tri-Dim, by and through its authorized agents and employees, owed a duty to MARTIN to provide a safe area for walking on and around the premises and a duty to keep those areas and the premises in a safe manner and condition.

8. On the aforesaid date and time, the Plaintiff, MARTIN, was lawfully walking on and around the premises in the aforesaid place when he slipped and fell on an unsafe surface and portion of a walkway located in the aforesaid premises.

9. At and before the time and place aforesaid, Defendant, Tri-Dim, was negligent in one or more of the following ways:

    a. Carelessly and negligently managed, and maintained said premises, its roof, ceiling and walkways;

    b. Carelessly and negligently failed to properly manage and maintain said premises in a safe and proper condition;

6

2018L000191

    c. Carelessly and negligently failed to repair the broken or damaged roof and ceiling of said premises;

    d. Carelessly and negligently allowed the area in and about the premises, to be and remain in disrepair and wet from precipitation;

    e. Defendant failed to provide Plaintiff with reasonably safe conditions for walking in and around the said premises;

    f. Defendant knew or should have known that the area where MARTIN walked was wet due to the broken or damaged roof but did not clean up the water and remove the hazardous condition on the premises;

    g. Defendant knew or should have known that the area where MARTIN walked was wet due to the broken or damaged roof but did not place any warning signs or otherwise alert MARTIN to the hazardous condition;

    h. Defendant failed to provide or maintain sufficient and/or appropriate illumination of in and about the area where Plaintiff fell;

    i. Failing to properly train and instruct its employees and agents working in, on or around the said premises;

10. Defendant, Tri-Dim, knew or should have known of the foregoing dangerous and hazardous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, Tri-Dim, its agents and employees, a portion of the said walkway areas were left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

2018L000191

WHEREFORE, the Plaintiff, JOSEPH MARTIN, prays for judgment to be entered in his favor and against the defendant, Tri-Dim, a corporation, in an amount in excess of $50,000 and any other further relief which this honorable Court deems just and proper, plus costs.

## COUNT IV
### Tri-Dim Filter Corporation
### (Premises Liability)

1. On and before July 22, 2016, the defendant Tri-Dim Filter Corporation (Tri-Dim) was a corporation incorporated in Delaware and doing business in Belvidere, Illinois.

2. Tri-Dim had responsibility for the status, safety, maintenance and repair of certain walkways and the areas in and around said certain walkways and areas in the building located at 1514 15th Street, 3000 Chrysler Drive, Belvidere, Illinois (hereinafter the "premises").

3. On or before July 22, 2016, MARTIN was a resident of Winnebago County, Illinois.

4. At the time and place aforesaid, Defendant, Tri-Dim, had a duty to exercise ordinary care in the maintenance of the aforesaid premises so that the premises would be reasonably safe for persons lawfully on it.

5. In the late night/early morning on or about July 22, 2016, the Plaintiff, MARTIN, was lawfully on the premises at 1514 15th Street, 3000 Chrysler Drive, Belvidere, Illinois.

6. At the time and place aforesaid, Tri-Dim through its employees knew or should have known that the roof and ceiling of the premises had holes, that allowed rainwater and other precipitation to enter the premises, creating hazards to persons who walked on and around those premises.

7. At the time and place aforesaid, Defendant, Tri-Dim, by and through its authorized agents and employees, owed a duty to MARTIN to provide a safe area for walking on and around the premises and a duty to keep those areas and the premises in a safe manner and condition.

2018L000191

8. On the aforesaid date and time, the Plaintiff, MARTIN, was lawfully walking on and around the premises in the aforesaid place when he slipped and fell on an unsafe surface and portion of a walkway located in the aforesaid premises.

9. At and before the time and place aforesaid, Defendant, Tri-Dim, was negligent in one or more of the following ways:

   a. Carelessly and negligently managed, and maintained said premises, its roof, ceiling and walkways;

   b. Carelessly and negligently failed to properly manage and maintain said premises in a safe and proper condition;

   c. Carelessly and negligently failed to repair the broken or damaged roof and ceiling of said premises;

   d. Carelessly and negligently allowed the area in and about the premises, to be and remain in disrepair and wet from precipitation;

   e. Defendant failed to provide Plaintiff with reasonably safe conditions for walking in and around the said premises;

   f. Defendant knew or should have known that the area where MARTIN walked was wet due to the broken or damaged roof but did not clean up the water and remove the hazardous condition on the premises;

   g. Defendant knew or should have known that the area where MARTIN walked was wet due to the broken or damaged roof but did not place any warning signs or otherwise alert MARTIN to the hazardous condition;

   h. Defendant failed to provide or maintain sufficient and/or appropriate illumination of in and about the area where Plaintiff fell;

   i. Failing to properly train and instruct its employees and agents working in, on or around the said premises;

10. Defendant, Tri-Dim, knew or should have known of the foregoing dangerous and hazardous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, Tri-Dim, its agents and employees, a portion of the said walkway areas were left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, JOSEPH MARTIN, prays for judgment to be entered in his favor and against the defendant, Tri-Dim, a corporation, in an amount in excess of $50,000 and any other further relief which this honorable Court deems just and proper, plus costs.

Respectfully Submitted,

JOSEPH MARTIN

By: /s/_David P. Cutler

One of his attorneys

David P. Cutler
Cutler & Hull
Three First National Plaza
70 West Madison Street
Suite 2100
Chicago, IL 60602
(312) 726-0777
Atty. No. 33718

DIE DATE
07/25/2018

DOC.TYPE: LAW
CASE NUMBER: 18L191
**DEFENDANT**
FCA US LLC
208 S LASALLE ST
CHICAGO, IL 60604
SUITE 814

SERVICE INF

ATTACHED